# United States Court of Appeals
## *for the*
## Third Circuit



No. 23-8014

Lesroy E. Browne, *individually and on behalf of all others similarly situated*,

Plaintiff-Respondent,

– against –

**TRUST A/K/A NATIONAL COLLEGIATE MASTER STUDENT LOAN TRUST I; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2003-1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3 AND NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-4; WILMINGTON TRUST COMPANY AS TRUSTEE FOR NATIONAL COLLEGIATE STUDENT LOAN TRUST; U.S. BANK, N.A. IN ITS ROLE AS SPECIAL SERVICER FOR THE NATIONAL COLLEGIATE STUDENT LOAN TRUST; TRANSWORLD SYSTEMS, INC.; and JOHN DOES 1 to 15;** and a class of Defendants similarly situated to the Defendant, National Collegiate Student Loan Trust,

Defendants-Petitioners.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY IN CASE NO. 22-2713-KM-JSA BEFORE THE
HONORABLE KEVIN MCNULTY, U.S.D.J.

## ANSWER TO PETITION FOR PERMISSION TO APPEAL FROM REMAND ORDER PURSUANT TO 28 U.S.C. § 1453(c)(1)

Yongmoon Kim, Esq.
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 711
Hackensack, New Jersey 07601
Telephone: (201) 273-7117
ykim@kimlf.com

Scott C. Borison, Esq.
BORISON FIRM, LLC.
1400 S. Charles St.
Baltimore, Maryland 21230
Telephone: (301) 620-1016
scott@borisonfirm.com

## TABLE OF CONTENTS

**INTRODUCTION**..................................................................................................1

**PROCEDURAL HISTORY** ................................................................................2

**JURISDICTION AND STANDARD OF REVIEW** ............................................6

**RELEVANT STATUTES** ...................................................................................7

**REASONS TO DENY PETITION** ......................................................................8

    POINT I. THE FILING IS UNTIMELY OR ALTERNATIVELY THE DEFENDANTS ARE ESTOPPED TO NOW APPEAL ......................................................8

**CONCLUSION**..................................................................................................10

# TABLE OF AUTHORITIES

### CASES

*Baker v. United States*, 670 F.3d 448 (3d Cir. 2012).................................................7

*Lincoln v. Smithfield*, 595 F. App'x 143 (3d Cir. 2014).............................................9

*McLaren v. UPS Store, Inc.* 32 F.4th 232 (3rd Cir. 2022)..........................................7

*New Hampshire v. Maine*, 532 U.S. 742 (2001).........................................................9

*Ryan Ops. G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355 (3d Cir. 1996) ........8

*United States v. Union Corp.*, 259 F. Supp. 2d 356 (E.D. Pa. 2003) ........................8

*Witasick v. Minn. Mut. Life Ins. Co.*, 803 F.3d 184 (3d Cir. 2015) ...........................6

### STATUTES

28 U.S.C §1453 ................................................................................................ 7, 8, 10

28 U.S.C. § 1332(d) ....................................................................................................6

28 U.S.C. § 1453(c) ....................................................................................................7

28 U.S.C. § 1453(c)(1)...................................................................................... 1, 6, 8

28 U.S.C. §1447(d) .................................................................................................7, 8

N.J. Stat. Ann. 17:11C-3 .............................................................................................2

## INTRODUCTION

Defendants-Petitioners first removed this case on May 27, 2021. *Browne v. National Collegiate Student Loan Trust*, Case No. 2:21-cv-11871-KM-JSA (D.N.J.) ("*Browne I*"). Ironically, Defendants moved to dismiss, invoking *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, (2021), and taking the position that "[Browne] has not alleged a concrete harm at the hands of any named defendant and his entire case should be dismissed for this reason." *Browne I*, Dkt. No. 16 at 8; Dkt. No. 29 at 12, 14.

Thus, on December 22, 2021, the District Court dismissed the original complaint without prejudice for lack of Article III standing. Rather than amend the complaint, Lesroy E. Browne asked that the case be remanded back to New Jersey state court instead of the dismissal; which the District Court obliged. No defendant petitioned to appeal the District Court's first Order of remand under 28 U.S.C. § 1453(c)(1).

Back in state court, Browne filed an amended complaint. Now changing their minds, Defendants removed the case again to federal court. *Browne v. National Collegiate Student Loan Trust*, Case No. 2:22-cv-02713-KM-JSA ("*Browne II*"). On June 8, 2022, Browne moved to remand the action to state court for lack of Article III standing. On March 3, 2023, the District Court remanded the matter to state court again, finding lack of subject matter jurisdiction. *Browne II*,

Dkt. No. 35 at 6-7.

Browne opposes Defendants' petition as an improper second bite at the apple that is foreclosed by judicial estoppel and/or waiver. Browne respectfully requests that this Court deny Defendants' petition to appeal from the District Court's decision, allowing the second remand Order to stand.

## PROCEDURAL HISTORY

Browne commenced this putative class action in the Superior Court of New Jersey, Law Division, Hudson County, HUD-L-1598-21 on April 21, 2021 (the "Original Complaint"). The Original Complaint[1] asserts that The NCT Trusts are not licensed under New Jersey's Consumer Finance Licensing Act, N.J. Stat. Ann. 17:11C-3. (Original Complaint ¶ 5). Defendants-Petitioners collectively use an unregistered trade name, "NCT," to refer to themselves in correspondence and communications to third party consumer reporting agencies. Therefore,[2] Browne only named the National Collegiate Student Loan Trust as a defendant in the

---

[1] The NCT Trusts include National Collegiate Student Loan Trust a/k/a National Collegiate Master Student Loan Trust I, National Collegiate Student Loan Trust 2003-1, National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2006-3, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2, National Collegiate Student Loan Trust 2007-3, National Collegiate Student Loan Trust 2007-4.
[2] It was only later in the case when Defendants identified themselves.

Original Complaint. As the identities of Defendants were not yet known, Browne served all entities as outlined below:

- The National Collegiate Master Student Loan Trust I Class 2003-AR-13 Commutation Trust on April 27, 2021;
- The National Collegiate Student Loan Trust 2009-1 was served on April 27, 2021;
- The National Collegiate Master Student Loan Trust I on April 27, 2021;
- The National Collegiate Student Loan Trust 2007-4 was served on April 27, 2021;
- The National Collegiate Student Loan Trust 2007-3 was served on April 27, 2021;
- The National Collegiate Student Loan Trust 2007-2 was served on April 27, 2021;
- The National Collegiate Student Loan Trust 2007-1 was served on April 27, 2021;
- The National Collegiate Student Loan Trust 2006-4 was served on April 27, 2021;
- The National Collegiate Student Loan Trust 2006-3 was served on April 27, 2021;
- The National Collegiate Student Loan Trust 2006-2 was served on April 27, 2021;
- The National Collegiate Student Loan Trust 2006-1 was served on April 27, 2021;
- The National Collegiate Student Loan Trust 2005-3 was served on April 27, 2021;
- The National Collegiate Student Loan Trust 2005-2 was served on April 27, 2021;
- The National Collegiate Student Loan Trust 2005-1 was served on April 27, 2021;
- The National Collegiate Student Loan Trust 2004-2 was served on April 27, 2021;

- The National Collegiate Student Loan Trust 2004-1 was served on April 27, 2021; and
- The National Collegiate Student Loan Trust 2003-1 was served on April 27, 2021.

Defendants removed the action to the District Court of New Jersey on May 27, 2021. *Browne I*, Dkt. No. 1. After invoking the federal court's jurisdiction, Defendants subsequently filed a motion to dismiss on July 30, 2021, arguing, *inter alia*, lack of concrete harm. *Browne I*, Dkt. No. 16 at 8; Dkt. No. 29 at 12, 14. On December 21, 2021, the District Court granted Defendants' motion to dismiss with leave to amend. *Browne I*, Dkt. Nos. 38, 39.

On January 18, 2022, Plaintiff filed a motion to alter or amend the dismissal, requesting instead that the case be remanded back to state court and that section III.b. of the Opinion be stricken. *Browne I*, Dkt No. 40. On February 16, 2022, the District Court entered an Order remanding the case. *Browne I*, Dkt. Nos. 43, 44.

Back in state court, on April 21, 2022, Browne amended the Original Complaint to include three additional Defendants: Wilmington Trust Company as Trustee for The National Collegiate Student Loan Trust, U.S. Bank, N.A., as Special Servicer for The National Collegiate Student Loan Trusts, and Transworld Systems, Inc. ("Amended Complaint," *Browne II*, Dkt. No. 1-1, Ex. A). The Original Complaint and the Amended Complaint include materially similar allegations of misrepresentations and lack of proof to show ownership of the loans;

that NCSLT communicated that it "allegedly acquired certain loans between Plaintiff and the Class and others, when the assertion could not be shown to be true" (*Browne I*, Dkt. No. 1-1 ¶ 41(D)); that NCSLT made "false or misleading communications that it had acquired the loans of Plaintiff and the Class when Defendants knew they could not show they had acquired any particular loans." (*Browne I*, Dkt. No. 1-1 ¶ 57); and that NCSLT cannot prove that they "acquired any particular loans" and "lacked the ability to show it had [a] legal right to enforce the accounts." (*Browne I*, Dkt. No. 1-1 ¶ 72(a), (e)).

The Trusts are each entities that have no employees and Wilmington Trust serves as the Trustee of each, U.S. Bank serves as the Indenture Trustee and Successor Special Servicer, and Transworld Systems serves as the default collector. Collectively they operate the Trusts. The Trust Defendants[3] filed their second Notice of Removal on May 9, 2022, removing to federal court again. *Browne II*, Dkt. No. 1. All Defendants filed their Amended Notice of Removal on

---

[3] National Collegiate Student Loan Trust a/k/a National Collegiate Master Student Loan Trust I, National Collegiate Student Loan Trust 2003-1, National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2006-3, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2, National Collegiate Student Loan Trust 2007-3 and National Collegiate Student Loan Trust 2007-4.

May 19, 2022. *Browne II*, Dkt. No. 8. The removal was premised on diversity jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because Browne's Amended Complaint (*Browne II*, Dkt. No. 1-1, Ex. A) alleged a class action pursuant to New Jersey Court Rule 4:32-1. As such, Defendants claimed the Court has jurisdiction over the Plaintiff's claims. (Am. Notice of Removal, *Browne II*, Dkt. No. 8 at 5).

Browne moved to remand the case again and on March 9, 2023, the District Court granted the motion to remand for lack of Article III jurisdiction finding that the issues in the case were substantively the same as the initial remand motion. *Browne II*, Dkt. Nos. 35, 36. The Original Complaint and Amended Complaint all sought to recover amounts paid to the Defendants either because the alleged transfers were void, could not prove the alleged transfers, or violated licensing laws.

Only after the second remand did the Defendants file for permission to appeal to this Court under 28 U.S.C. 1453(c)(1).

## JURISDICTION AND STANDARD OF REVIEW

The time limits for taking an appeal are mandatory and jurisdictional. *Witasick v. Minn. Mut. Life Ins. Co.*, 803 F.3d 184, 187 (3d Cir. 2015); *see also Bowles v. Russell*, 551 U.S. 205, 214 (2007). Failure to comply with these time limits results in dismissal of the appeal. *Baker v. United States*, 670 F.3d 448, 454-

56 (3d Cir. 2012). Browne submits the same is true of the limited right to seek permission to appeal under 28 U.S.C. § 1453. If not timely filed under 28 U.S.C. § 1453, the order is not reviewable pursuant to 28 U.S.C. § 1447(d). As set forth below, Browne contends the Defendants' petition is untimely under 28 U.S.C. § 1453. Alternatively, it is untimely as to the original defendants who could have but did not seek permission to appeal after the initial remand order.

If the Court finds the Petition is timely or not barred by 28 U.S.C. § 1447(d) or estoppel and the Court granted Defendants' Petition, Browne agrees with the Defendants that the standard of review is de novo. *McLaren v. UPS Store, Inc.* 32 F.4th 232, 236 n. 2 (3d Cir. 2022).

## RELEVANT STATUTES

28 U.S.C. § 1447(d), Procedure After Removal provides:

An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1453(c) 'Removal of Class Actions,' provides:

(c)REVIEW OF REMAND ORDERS.—
(1)IN GENERAL.—
Section 1447 shall apply to any removal of a case under this section, except that notwithstanding section 1447(d), a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not more than 10 days after entry of the order.

# REASONS TO DENY PETITION

### POINT I. THE FILING IS UNTIMELY OR ALTERNATIVELY THE DEFENDANTS ARE ESTOPPED TO NOW APPEAL

The District Court, based on the Original Complaint, remanded this matter to the state court because Defendants argued in their first motion to dismiss that Browne lacked a concrete harm. No timely request for permission to appeal was ever filed in *Browne I*. Therefore, this petition is well beyond the ten day limit imposed by 28 U.S.C. § 1453(c)(1). If they cannot proceed under 28 U.S.C. § 1453(c)(1), the provisions of 28 U.S.C. § 1447(d) apply and the remand is not reviewable.

Alternatively, the Defendants waived any right to appeal and the ruling in *Browne I* controls rulings on this matter under the doctrine of judicial estoppel. "The doctrine of judicial estoppel prevents a litigant from asserting a position that is inconsistent with one previously taken before a court or agency." *United States v. Union Corp.*, 259 F. Supp. 2d 356, 391 (E.D. Pa. 2003) (citing *Ryan Ops. G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 360 (3d Cir. 1996)).

"Judicial estoppel is often applied where (1) a party adopts clearly inconsistent positions at different times, (2) it persuades a court to adopt the earlier position," and (3) "unfair prejudice" would result if the Court "adopted the later inconsistent position." *Lincoln v. Smithfield*, 595 F. App'x 143, 145 (3d Cir. 2014) (citing *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)).

The Defendants did not act on any concern they may have had when the same District Court dismissed the Plaintiff's first complaint in its earlier decision based on a lack of Article III jurisdiction. The Defendants could have timely sought permission to appeal then but did not. In fact, Defendants argued that Browne lacked a concrete harm. Moreover, when the case was first remanded in *Browne I*, Defendants never petitioned this Court to appeal the remand order.

The Amended Complaint back in state court only strengthened existing legal theories. Plaintiff had alleged in his initial Original Complaint that the payments he made to the Defendants were improper since the Defendants were not properly licensed and therefore any assignment to the Defendant was void under New Jersey law. (*Browne I*, Dkt No. 1-1, Ex. A). Plaintiff sought return of the money he paid to the Defendant on a loan that was not lawfully assigned to Defendants. (*Browne I*, Dkt No. 1-1, Ex. A).

Defendants may claim *Browne II* is different but it is not. Browne seeks the same relief—return of the money he paid to the Defendants. But pleading more facts to strengthen the same legal theory did not change the relief sought by the Plaintiff. Thus, Defendants failure to timely seek permission to appeal from the remand of *Browne I* renders the present request untimely. Alternatively, having failed to raise the issue in *Browne I* forecloses any right of the Defendants to now seek that relief.

The Defendants may seek to overcome the untimeliness of their petition or avoid estoppel by contending that the addition of new parties changes everything. It does not under these circumstances since all of the Defendants are in privity through their respective roles and actions on behalf of the Trusts.

But even if new parties, that are in privity with the original parties, changes anything, it cannot resuscitate the original defendants' failure to timely move for review of the initial remand order. Under 28 U.S.C. § 1453, this Court may only act on timely motions. Any order by this Court cannot grant the original defendants review of the District Court's remand order. The grant of the new Defendants motion will lead to piecemeal litigation since any order entered by this Court will only affect the new defendants.

## CONCLUSION

For the foregoing reasons, the Petition should be denied.

DATED: March 31, 2023

Respectfully submitted,

KIM LAW FIRM LLC

*/s/ Yongmoon Kim*
Yongmoon Kim

BORISON FIRM, LLC

*/s/ Scott C. Borison*
Scott C. Borison

## CERTIFICATION OF BAR MEMBERSHIP

I certify that I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

*/s/ Yongmoon Kim*
Yongmoon Kim

Dated: March 31, 2023

## CERTIFICATE OF COMPLIANCE

I hereby certify, in reliance on the word count of the word-processing system used to prepare the document, that this Answer complies with the Federal and Local Rules in that it contains 2354 words, was prepared in Microsoft Word, and produced with a proportional serif 14-point font. I further certify that the text of the electronic brief is identical to the text in the paper copies. I further certify that version 1.385.1721.0 of the Windows Defender Antivirus program has been run on the electronic brief, and no virus was detected.

*/s/ Yongmoon Kim*
Yongmoon Kim

Dated: March 31, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March 2023, I caused the Answer of Plaintiff-Respondent Lesroy E. Browne to be served on counsel of record for all parties via Priority Mail Express:

Christopher B. Fontenelli, Esq.
Gregory T. Casamento, Esq.
R. James DeRose, Esq.
LOCKE LORDE LLP
Brookfield Place
200 Vesey Street, 20th Floor
New York, NY 10281

J. Matthew Goodin
LOCKE LORDE LLP
111 South Wacker Drive, Suite 4100
Chicago, IL 60606
*Attorneys for Defendants Counsel for National Collegiate Student Loan Trust a/k/a National Collegiate Master Student Loan Trust I, National Collegiate Student Loan Trust 2003-1, National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2006-3, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2, National Collegiate Student Loan Trust 2007-3 and National Collegiate Student Loan Trust 2007-4*

Jennifer L. Del Medico
JONES DAY
250 Vesey Street
New York, NY 10281
*Attorneys for Defendant U.S. Bank National Association*

Justin H. Homes
SESSIONS, ISRAEL & SHARTLE, LLC
3850 N. Causeway Blvd., Suite 200
Metairie, LA 70002

Aaron R. Easley
SESSIONS, ISRAEL & SHARTLE, LLC
3 Cross Creek Drive
Flemington, NJ 08822
*Attorneys for Defendant Transworld Systems, Inc.*

Jenny R. Kramer
Reade W. Seligmann
ALSTON & BIRD LLP
90 Park Avenue
New York, New York 10016
*Attorney for Wilmington Trust Company*

*/s/ Yongmoon Kim*
Yongmoon Kim

Dated: March 31, 2023